UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| | : | |
| | : | Magistrate No.:    06-487-M |
| v. | : | |
| | : | VIOLATION: 18 U.S.C. § 1343 |
| GRAHAM MICHAEL, | : | (Wire Fraud); |
| | : | 18 U.S.C. § 2 (Aiding and Abetting); |
| Defendant. | : | 22 D.C. Code §§ 3221(a), 3222(a)(1) |
| | : | (2001 ed.) (Fraud in the First Degree); |
| | : | 22 D.C. Code § 1805 (2001 ed.) |
| | : | (Aiding and Abetting) |

### I N F O R M A T I O N

The United States Attorney hereby informs the Court that**:**

### COUNT ONE

A.  Introduction

1. At all relevant times, defendant GRAHAM MICHAEL was employed as the Charge D'Affair/Acting Ambassador and Counselor for approximately six and a half years for the Embassy of Papua New Guinea in Washington, D.C. (hereinafter "the Embassy").

2. Defendant MICHAEL tendered his resignation from the Embassy effective April 30, 2004, with the understanding he would return to employment at the Embassy Headquarters in Papua New Guinea, which he did not do, and he was thereafter officially terminated on December 7, 2004.

3. During the time that defendant MICHAEL was allegedly planning to repatriate to Papua New Guinea, MICHAEL made numerous false and fraudulent representations to personnel of the government of Papua New Guinea about expenses or other money to which he allegedly was entitled as a result of that move.

B.  The Purpose of the Scheme and Artifice

4. From in or about April of 2002, until in or about March of 2004, in the District of

Columbia and elsewhere, defendant MICHAEL knowingly and willfully devised and intended to devise a scheme and artifice for obtaining money from the government of Papua New Guinea by means of false and fraudulent pretenses, representations and promises to representatives of that government.

    C. <u>The Scheme and Artifice</u>

    5. Between in or about April of 2002, and in or about March of 2004, defendant MICHAEL engaged in a number of fraudulent transactions against the Embassy in relation to MICHAEL's alleged plans to repatriate back to Papua New Guinea, with which plans he never actually carried through. These transactions included the following:

    <u>Sale of Residence</u>

    6. On or about April 1, 2002, the Embassy sold the residence it owned, and in which defendant MICHAEL was living, at XXXXXXXXX, Washington, D.C., for $530,000. The Embassy sold the property on its own without using a real estate company. Shortly after the closing, MICHAEL approached the Embassy Administrative Officer (hereinafter "AO") and asked him to fraudulently insert a $26,000 broker fee into the HUD-1 form. The AO did so and, on or about June 19, 2002, sent by telefax and Federal Express copies of the document and related sale documents from Washington, D.C., to the Embassy Headquarters in Papua New Guinea.

    7. On or about June 3, 2002, a couple of weeks after the AO changed the HUD-1 form, defendant MICHAEL requested the AO to write him a check for $25,900 from the Embassy's Riggs Bank account where the proceeds of the sale had been deposited. MICHAEL fraudulently told the AO that the funds were to be used for his repatriation to Papua New Guinea. The AO did so, although this was not the normal procedure for obtaining repatriation funds. Several days later,

MICHAEL gave the AO a $5,000 check for his assistance.

Colonial Moving & Storage

8. In or about July of 2002, defendant MICHAEL obtained permission from Embassy Headquarters in Papua New Guinea to send some of his possessions back to Papua New Guinea. Three quotes were obtained to pay for the shipping, which quotes were sent to Headquarters for approval. After obtaining approval, MICHAEL told the AO he was going to pay for the shipping himself.

9. On or about July 29, 2002, defendant MICHAEL gave the AO a copy of a personal check for $20,750, from MICHAEL to Colonial Moving & Storage Co. MICHAEL fraudulently told the AO that he paid the movers himself and requested to be reimbursed by the Embassy.

10. On or about August 8, 2002, the AO gave defendant MICHAEL an Embassy check for $20,750 to pay the reimbursement.

11. Colonial Moving & Storage Co. went out of business in or about July of 2002. It never shipped defendant MICHAEL's items and, accordingly, did not receive a payment of $20,750 from MICHAEL to do so.

Chester Courier Consultants, LLC

12. In or about March of 2004, the AO received three quotes from couriers to move defendant MICHAEL's personal effects back to Papua New Guinea. The lowest quote was from Chester Courier Consultants, LLC (hereinafter "CCC"), and was given to the AO by MICHAEL.

13. On or about March 25, 2004, the AO drafted a check from the Embassy to CCC for $23,402 and gave the check to MICHAEL to provide to CCC.

14. Investigation in this matter showed that defendant MICHAEL's goods were never shipped back to Papua New Guinea. Further, the investigation showed that CCC was a Limited Liability Corporation set up by MICHAEL in West Virginia on or about March 15, 2004, and dissolved by MICHAEL on or about June 1, 2004.

D. The Wire Communication

15. For the purpose of executing the scheme and artifice to defraud, in the District of Columbia and elsewhere, defendant GRAHAM MICHAEL did knowingly cause to be transmitted writings, sounds and signals by means of wire communication in interstate and foreign commerce, as follows: on or about June 19, 2002, in order to fraudulently represent a brokerage fee in the sale of the Embassy residence, defendant MICHAEL caused a wire transmission, that is, the facsimile transmission of copies of the HUD-1 form and related sale documents, containing the fraudulent brokerage fee, from Washington, D.C., to the Embassy Headquarters in Papua New Guinea.

**(Wire Fraud, in violation of Title l8, United States Code, Sections 1343 and 2)**

### COUNT TWO

16. Paragraphs one through fourteen of this Information are incorporated herein as if set forth in full.

17. Between in or about April of 2002, and in or about March of 2004, within the District of Columbia and elsewhere, defendant GRAHAM MICHAEL, aided and abetted by others known and unknown to the United States Attorney, engaged in a scheme and systematic course of conduct with intent to defraud and to obtain property of the government of Papua New Guinea by means of false or fraudulent pretenses, representations, and promises and thereby obtained property of a value

of $250 or more belonging to the government of Papua New Guinea, consisting of checks for money from components of the government of Papua New Guinea.

**(Fraud in the First Degree, in violation of Title 22, D.C. Code Sections 3221(a), 3222(a)(1), and 1805 (2001 ed.))**

>JEFFREY A. TAYLOR
>United States Attorney
>D.C. Bar # 498610
>
>
>By: _____
>DANIEL P. BUTLER
>D.C. Bar # 417718
>Assistant United States Attorney
>United States Attorneys Office
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 353-9431
>Daniel.Butler@USDOJ.Gov