FILED

MAR 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case Number: 07-037 (JDB) |
| | : | |
| v. | : | Violations: 18 U.S.C. § 1343 (Wire Fraud) |
| | : | and § 2 (Aiding and Abetting) |
| **GRAHAM MICHAEL,** | : | 22 D.C. Code §§ 3221(a), 3222(a)(1) |
| | : | (2001 ed.) (Fraud in the First Degree); |
| Defendant. | : | 22 D.C. Code § 1805 (2001 ed.) |
| | : | (Aiding and Abetting) |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant Graham Michael, with the concurrence of his attorney, Mr. Tony Miles, agree and stipulate as follows:

The defendant is charged by Information with one count of Wire Fraud, pursuant to Title 18, United States Code, Section 1343 and Section 2 (Aiding and Abetting), and one count of Fraud in the First Degree, in violation of Title 22, D.C. Code, Sections 3221(a) and 3222(a)(1) and Section 1805 (aiding and abetting).

### A. Introduction

1. At all relevant times, defendant Michael was employed as the Charge D'Affair/Acting Ambassador, and Counselor for approximately six and a half years for the Embassy of Papua New Guinea in Washington, D.C. (hereinafter "the Embassy").

2. Defendant Michael tendered his resignation from the Embassy effective April 30, 2004, with the understanding he would return to employment at the Embassy Headquarters in Papua New Guinea, which he did not do, and he was thereafter officially terminated on December 7, 2004.

3. During his tenure with the Embassy, defendant Michael engaged in a number of fraudulent transactions against it in relation to Michael's alleged plans to repatriate back to Papua New Guinea,

with which plans he never actually carried through. The fraudulent transactions resulted in loss of money to the Embassy of approximately $70,052.

B. <u>Fraudulent Transactions</u>

<u>Sale of Residence</u>

4. On or about April 1, 2002, the Embassy sold the residence it owned, and in which defendant Michael was living, at                                          for $530,000. The Embassy sold the property on its own without using a real estate company. Shortly after the closing, Michael approached the Embassy Administrative Officer (hereinafter "AO") and asked him to insert a $26,000 broker fee into the HUD-1 form. The AO did so on or about April 22, 2002. Thereafter, on or about June 19, 2002, the AO sent by telefax and Federal Express copies of the HUD-1 form and related sale documents from Washington, D.C., to the Embassy Headquarters in Papua New Guinea.

5. On or about June 3, 2002, a couple of weeks after the AO changed the HUD-1 form, defendant Michael requested the AO to write him a check for $25,900 from the Embassy's Riggs Bank account where the proceeds of the sale had been deposited. Michael told the AO that the funds were to be used for his repatriation to Papua New Guinea. The AO did so, although this was not the normal procedure for obtaining repatriation funds. Several days later, Michael gave the AO a $5,000 check for his assistance.

<u>Colonial Moving & Storage</u>

6. In or about July of 2002, defendant Michael obtained permission from Embassy Headquarters in Papua New Guinea to send some of his possessions back to Papua New Guinea. Three quotes were obtained to pay for the shipping, which quotes were sent to Headquarters in Papua

New Guinea for approval. After obtaining approval, Michael told the AO he was going to pay for the shipping himself.

7. On or about July 29, 2002, defendant Michael gave the AO a copy of a personal check for $20,750, from Michael to Colonial Moving & Storage Co. Michael told the AO that he paid the movers himself and wanted to be reimbursed by the Embassy.

8. On or about August 8, 2002, the AO gave defendant Michael an Embassy check for $20,750 to pay the reimbursement.

9. Colonial Moving & Storage Co. went out of business in July of 2002. It never shipped defendant Michael's items and, accordingly, did not receive a payment of $20,750 from Michael to do so.

Chester Courier Consultants, LLC

10. In or about March of 2004, the AO received three quotes from couriers to move defendant Michael's personal effects back to Papua New Guinea. The lowest quote was from Chester Courier Consultants, LLC (hereinafter "CCC"), and was given to the AO by Michael.

11. On or about March 25, 2004, the AO drafted a check from the Embassy to CCC for $23,402 and gave the check to Michael to provide to CCC.

12. Investigation in this matter showed that defendant Michael's goods were never shipped back to Papua New Guinea. Further, the investigation showed that CCC was a Limited Liability Corporation set up by Michael in West Virginia on or about March 15, 2004, and dissolved by Michael on or about June 1, 2004. The name on the signature line on the quote sheet was determined to be a neighbor of Michael in Bunker Hill, West Virginia, but the neighbor denied knowing Michael or working for CCC. The business address on the quote sheet was an address in Silver Spring,

Maryland, that did not exist. The telephone number on the quote was a West Virginia prefix, and appeared to be a number to Michael's business in West Virginia.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR # #498610

BY: *Daniel P. Butler*
DANIEL P. BUTLER
D.C. Bar # 417718
ASSISTANT U.S. ATTORNEY
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@USDOJ.Gov

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11, after consulting with my attorney, Mr. Tony Miles, I agree and stipulate to this Statement of Offense.

Date: 03/12/07

Mr. Graham Michael
Defendant

I have discussed this Statement of Offense with my client, Mr. Graham Michael. I concur with his decision to stipulate to this Statement of Offense.

Date: 3/12/07

Mr. Tony Miles
Attorney for Defendant Graham Michael

4