IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CRIMINAL NO. 07-037 (JDB)** |
| | : | |
| **GRAHAM MICHAEL** | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM IN AID OF SENTENCING

Defendant Graham Michael, through counsel, respectfully submits the following Memorandum in aid of his sentencing.

**A.    Background**.

Due to Mr. Michael's inexcusable conduct between 2002 and 2004, Mr. Michael will be facing sentencing on May 18, 2007 in connection with his guilty plea to First Degree Fraud, in violation of 22 D.C. Code §§ 3221(a) and 3222 (a)(1). Significantly, the instant case is Mr. Michael's first experience as a defendant in the Criminal Justice System. When reviewing Mr. Michael's overall background, it is clear that Mr. Michael is generally a very productive, admirable and law abiding person.

Mr. Michael is the oldest of four children who were raised by his parents in a village in the country of Papua New Guinea. PSR, ¶¶ 22-24. While growing up, Mr. Michael endured a stressful childhood which required him to perform physically demanding work. PSR, ¶ 24. Mr. Michael's

1

life became significantly more difficult after the death of his mother.[1]  After his mother's death, Mr. Michael had to "take charge" and, in order to provide financial assistance to his family, he began working on the weekends while attending school during the week.  PSR, ¶ 24.  Despite carrying such a heavy burden at a young age, Mr. Michael remained focused on doing well in school and he was able to earn a highschool certificate in 1980.  PSR, ¶ 45.  Mr. Michael eventually attended the University of Papua New Guinea and he received a Bachelor of Arts degree in Political Science from this university in 1990.  PSR, ¶ 44.  In 1995, Mr. Michael moved to Australia in order to pursue a Masters of Arts (M.A.) degree in International Relations.  PSR, ¶¶ 25 & 43.  Mr. Michael's efforts in Australia were successful and he was awarded a M.A. degree from the University of Wollongong.  PSR, ¶ 43.

After receiving his M.A. degree, Mr. Michael returned to Papua New Guinea where he worked as an assistant director in the Department of Foreign Affairs.  PSR, ¶ 52.  Mr. Michael eventually moved to the United States and began working at the Embassy of Papua New Guinea in Washington, D.C..  PSR, ¶ 50.  It was during his last two years of employment at the Embassy when Mr. Michael got involved with the instant offense.  As a result of his misconduct, Mr. Michael resigned from his employment at the Embassy on April 30, 2004.  PSR, ¶ 50.  Mr. Michael is very ashamed of his criminal conduct during his last two years of employment at the embassy and he is extremely remorseful.  Additionally, Mr. Michael has agreed to pay restitution in the amount of $70,052 in order to compensate the Embassy of Papua New Guinea for his actions.  See Plea Agreement at ¶ 3.

---

[1]Each of Mr. Michael's parents died of heart disease at a young age.  PSR, ¶ 22.  His mother passed away first when she was only 36 years of age and his father died at the age of 44.  Id..

After leaving the Embassy of Papua New Guinea, Mr. Michael moved to West Virginia and he began working at a diner which was owned by his wife. PSR, ¶ 51. In early 2006, Mr. Michael was awarded a Commercial Class A driver's license from Swift Transportation Academy and he began working as a truck driver for Swift Transportation. PSR, ¶¶ 46 & 49. It is expected that Mr. Michael will still be employed as a truck driver at the time of his sentencing. PSR, ¶ 48.

**B.   A Sentence of Probation is the Most Reasonable Resolution of this Case.**

According the Superior Court Sentencing Guidelines for the District of Columbia, a sentence of probation is an appropriate sentence in this case.[2] Under the Superior Court Sentencing Guidelines, Mr. Graham's offense of conviction is in "Group 9" and his criminal history score is "A."[3] Presentence Report (PSR) at ¶ 61. Therefore, Mr. Graham's sentencing guideline range is 1 to 12 months.[4] Based on such factors as the applicable sentencing guideline range, Mr. Michael's early acceptance of responsibility and Mr. Michael's background, a sentence of probation without any period of home confinement is a reasonable and fair sentence.

In fashioning a sentence which adequately reflects the seriousness of the offense, promotes respect for the law and which provides for a just punishment, a sentence of probation is warranted here. Mr. Michael's offense is a theft related offense which does not involve any violence or any

---

[2] Because Mr. Graham pled guilty to a D.C. Code offense, the United States Sentencing Guidelines do not apply in this case and this Court should consider the advisory Superior Court Sentencing Guidelines.

[3] According to the Superior Court Sentencing Guidelines, the least severe offenses are classified in "Group 9" and individuals with the least serious criminal history are placed in category "A." See Exhibit 1.

[4] 1 to 12 months is the lowest possible guideline range under the Superior Court Sentencing Guidelines and a sentence of probation is one of the recommended sentencing options within this guideline range. See Exhibit 1.

threats of violence. Additionally, although Mr. Michael's offense involves the wrongful attainment of money by a public official, it is not a case involving bribery or extortion. Finally, Mr. Michael's great remorse, his willingness to pay restitution, his limited criminal history and the immigration consequences he will likely suffer all indicate that a sentence of probation is a sentence which will adequately reflect the seriousness of the offense, promote respect for the law and provide for a just punishment.

Considering that a non-custodial resolution of this case will have a tremendous impact on the quality of Mr. Michael's life, a sentence of probation will provide ample deterrence for Mr. Michael and anyone else who may consider committing a similar crime. A sentence of probation for this felony offense will strip Mr. Michael of many important opportunities and it will likely lead to his deportation. Regardless of his punishment, Mr. Michael's conviction for this offense alone has brought him great shame and embarrassment. Being placed on probation will undoubtedly continue to cause great shame and embarrassment for Mr. Michael and it will serve as a regular reminder of the consequences of his previous illegal conduct.

Mr. Michael's background and characteristics further justify a sentence of probation without home confinement. With the exception of the instant case, Mr. Michael has no criminal history. Mr. Michael's forty two year history is primarily a history of family loyalty, hard work and great accomplishment. The offense involved here is Mr. Michael's only blemish and, when viewing his entire history, it is clear that his conduct in this case was an aberration. Mr. Michael has truly learned a lesson as a result of this ordeal and he will not return to criminal behavior in the future. For these reasons, a sentence of probation without any home confinement is a very reasonable and appropriate sentence for Mr. Michael.

Respectfully submitted,
A.J. Kramer
Federal Public Defender


_____/s/_____
Tony W. Miles
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500

## Appendix A - MASTER GRID
June 14, 2004

|  | Ranking Group<br>Most Common Offenses | Criminal History Score | | | | |
|---|---|---|---|---|---|---|
|  |  | 0 to ½<br>A | ¾ to 1¾<br>B | 2 to 3¾<br>C | 4 to 5¾<br>D | 6 +<br>E |
| 3 Points* | **Group 1**<br>1st degree murder w/armed<br>1st degree murder | 360 - 720 | 360 - 720 | 360 - 720 | 360 - 720 | 360 + |
|  | **Group 2**<br>2nd degree murder w/armed<br>2nd degree murder<br>1st degree sex abuse<br>1st degree sex abuse w/armed | 144 - 288 | 156 - 300 | 168 - 312 | 180 - 324 | 192 + |
|  | **Group 3**<br>Voluntary manslaughter w/armed<br>1st degree child sex abuse<br>Carjacking while armed<br>Assault with intent to kill w/armed<br>Armed burglary I | 90 - 180 | 102 - 192 | 114 - 204 | 126 - 216 | 138 + |
|  | **Group 4**<br>Aggravated assault w/armed<br>Voluntary manslaughter | 48 - 120 | 60 - 132 | 72 - 144 | 84 - 156 | 96 + |
|  | **Group 5**<br>Possession of firearm /CV<br>Armed robbery<br>Burglary I<br>Obstruction of justice<br>Assault with intent to kill | 36 - 84 | 48 - 96 | 60 - 108 | 72 - 120 | 84 + |
| 2 Points* | **Group 6**<br>ADW<br>Robbery<br>Aggravated assault<br>2nd degree child sex abuse<br>Assault with intent to rob | 18 - 60 | 24 - 66 | 30 - 72 | 36 - 78 | 42 + |
|  | **Group 7**<br>Burglary II<br>3rd degree sex abuse<br>Negligent homicide<br>Assault w/I to commit mayhem<br>Attempt 2nd degree sex abuse | 12 - 36 | 18 - 42 | 24 - 48 | 30 - 54 | 36 + |
| 1 Point* | **Group 8**<br>CPWOL<br>UUV<br>Attempt robbery<br>Attempt burglary<br>1st degree theft | 6 - 24 | 10 - 28 | 14 - 32 | 18 - 36 | 22 + |
|  | **Group 9**<br>Escape/prison breach<br>BRA<br>Receiving stolen property<br>Uttering<br>Forgery<br>RSP | 1 - 12 | 3 - 16 | 5 - 20 | 7 - 24 | 9 + |

*Criminal History Points for prior convictions in these groups.
White/unshaded boxes – prison only.
Dark shaded boxes – prison or short split permissible.
Light shaded boxes – prisons, short split, or probation permissible.

A-1